**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**UNITED STATES of AMERICA** **PLAINTIFF/RESPONDENT**

**V.** **No. 4-40014**
**No. 4-40016**

**SEDRICK DEVON NOBLE** **DEFENDANT/PETITIONER**

**MAGISTRATE JUDGE REPORT and RECOMMENDATION**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 15) filed May 11, 2016 and Memorandum Brief (Doc. 37) filed June 9, 2016. The United States of America filed a Response (ECF No. 39) on August 19, 2016. The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

**I. Background**

Sedrick Devon Noble ("Noble") was named in two separate Indictments filed in the Western District of Arkansas. In Case No. 4:04CR40014, Noble was named in Counts One, Two, and Four in a four-count Indictment issued on May 12, 2004. In Case No. 4:04CR40016, Noble was named in a three-count Indictment issued on May 12, 2004.

On September 20, 2004, Noble appeared before the Honorable Harry F. Barnes on both cases and entered a plea of guilty pursuant to Case 4:04CR40014 to interference with commerce by threat or violence and aiding and abetting in violation of 18 U.S.C. §§ 1951 (Count One), using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) (Count

Two), and for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Count Four). Pursuant to the Indictment in Case No. 4:04CR40016, Noble entered a plea of guilty to use of a short-barreled shotgun in connection with a crime of violence in violation of 18 U.S.C. 924(c)(1)(A), (B)(I) and (D)(ii) & 26 U.S.C. § 5845(a)(2) (Count Two).

In Case No. 4:04CR40014, Noble's § 924(c) conviction was predicated upon the crime of violence of Hobbs Act robbery (Count One), and in Case No. 4:04CR40016, Noble's § 924(c) conviction was predicated upon the crime of violence of kidnapping a minor (Count One).

The United States Probation Office issued Noble's Presentence Report ("PSR") and Addendum on January 18, 2005 as to both matters. Noble did not raise any objections to the PSR. (Addendum to PSR). On February 9, 2016, Noble appeared for a sentencing hearing and was sentenced to 28 years' imprisonment, three years supervised release on all counts to run concurrently, and a $400 special assessment.

Noble appealed his sentence pursuant to Anders v. California, 386 U.S. 738 (1967). The Eighth Circuit affirmed the district court's judgment, but modified the district court's original judgment to clarify the prison term attributable to each of his four counts of conviction. See United States v. Noble, 179 F. App'x 400, 401 (8th Cir. 2006). The revised judgment clarified that in Case No. 4:04CR40014-002, Noble was sentenced to concurrent 8-year prison terms for Counts 1 and 4, and a consecutive 10-year prison term for Count 2, and in district court Case No. 4:04CR40016-001, Noble was sentenced to an additional consecutive 10-year prison term for Count 2, resulting in a total prison sentence of 28 years. (Doc. 55).

On June 9, 2016, Noble filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody based on the Johnson decision for

both cases. Noble now argues that his conviction and sentence under Count Two of Case No. 4:14CR40014-002, in violation of 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence (Hobbs Act robbery); and under Count two in Case No. 4:14CR40016-001, in violation of 18 U.S.C. § 924(c) for using a firearm in connection with a crime of violence (kidnapping a minor), must both be set aside because (1) the ruling of the Supreme Court in Johnson allegedly rendered the definition of a "crime of violence" under the "residual clause" of § 924(c)(3)(B) unconstitutionally vague and (2) these offenses are not crimes of violence under the "force clause" of § 924(c)(3)(A).

## II. Discussion

### A. Johnson v. United States:

The Petitioner's case centers around the United States Supreme Court Case of Johnson v. United States which was decided in 2015. In the Johnson case the Supreme Court, Justice Scalia, held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process, overruling *James v. U.S.*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532, and *Sykes v. U.S.*,131 S.Ct. 2267, 180 L.Ed.2d 60, and abrogating *U.S. v. White*, 571 F.3d 365, *U.S. v. Daye*, 571 F.3d 225, and *U.S. v. Johnson*, 616 F.3d 85. *See Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. See § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. See § 924(a)(2). But if the violator has three or more earlier convictions for a **"serious drug offense"** or a **"violent felony,"** the Armed Career Criminal Act increases his prison term to a minimum of 15

years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
> "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B) (emphasis added).

The emphasized text is referred to as the residual clause and it is this clause that the Supreme Court declared unconstitutional.

In 2016 the court determined *Welch v. United States*. The Supreme Court, Justice Kennedy, held that Supreme Court's Johnson decision, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Both Johnson and Welch delt with the ACCA and specifically with a determination of whether prior offenses constituted a "violent offense" under the residual clause. This case, by contrast, involves a collateral attack challenging the statutory language in 18 U.S.C. Section 924(c).

**B. Johnson applied to Section 924**

The Petitioner contends that rationale in *Johnson v. United States* renders Section 924 unconstitutional (Doc. 62, p. 6). Although the language in the residual clause at § 924(c)(3)(B) resembles the residual clause of the ACCA at issue in Johnson, the Eighth Circuit recently joined the Second and Sixth Circuits in holding that Johnson's void-for-vagueness holding does not

extend to § 924(c)(3)(B). See *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016) (per curiam). *Hawk v. United States*, No. CIV 16-5071, 2016 WL 7165937, at *3 (D.S.D. Dec. 7, 2016),

The Prickett decision noted " "First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury." *Taylor*, 814 F.3d at 376. The "[r]isk of physical force against a victim" that § 924(c)(3)(B) requires "is much more definite than [the] risk of physical injury to a victim" that the ACCA residual clause required. Id. at 376–77. Section 924(c)(3)(B) also contains the "narrowing aspects" of "requiring that the risk of physical force arise 'in the course of' committing the offense" and "requir [ing] that the felony be one which 'by its nature' involves the risk that the offender will use physical force." Id. at 377 (quoting 18 U.S.C. § 924(c)(3)(B)). Unlike "the wide judicial latitude permitted by the ACCA's coverage of crimes that 'involve[ ] conduct' presenting a serious risk of injury," § 924(c)(3)(B) does not permit "a court to consider risk-related conduct beyond that which is an element of the predicate crime since the provision covers offenses that 'by [their] nature' involve a substantial risk that force may be used." Id. (alterations in original). Nor does § "924(c)(3)(B)'s requirement that physical force 'be used in the course of committing the offense' permit[ ] ... inquiry into conduct following the completion of the offense." Id. Instead, "the force must be used and the risk must arise in order to effectuate the crime. Thus, unlike the ACCA residual clause, § 924(c)(3)(B) does not allow courts to consider 'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in Johnson." Id.

The court also noted that "§ 924(c)(3)(B) does not "link[ ] the 'substantial risk' standard, through the word otherwise, 'to a confusing list of examples.' *700 " Id. (quoting Johnson, 135

S.Ct. at 2561). Therefore, courts need not "analogiz[e] the level of risk involved in a defendant's conduct to burglary, arson, extortion, or the use of explosives." Id.

Because the Eighth Circuit has specifically determined that the Johnson case does not apply to § 924(c)(3)(B) the Petitioner's argument is without merit and is outside the time limit for filing a 2255 motion.

**C. Limitations**

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

The Petitioner relies on the date on which the right asserted was recognized by the Supreme Court and made retroactively applicable on collateral review. Since the Eighth Circuit has determined that the Johnson decision does not apply to Section 924 claims the Petitioner's motion is beyond the one year limitations period.

**D. Hobbs Act Robbery**

The Petitioner argues that "Because Hobbs Act robbery is not a "crime of violence" under the "force clause" of § 924(c)(3)(A), and can only have qualified as a "crime of violence" under §

924(c)(3)(B) – which is now unconstitutional in light of Johnson – Mr. Noble's conviction for violation of § 924(c) cannot stand." Doc. 62, p. 8

As noted above the Eighth Circuit has specifically determined that the Johnson decision does not apply to Section 924. The Eighth Circuit has also made clear that Hobbs Act robbery falls under the elements clause (part (A)), not the residual clause (part (B)). *See United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996). As noted by District Judge Susan Richard Nelson "Under the Supreme Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016), it is clear that Johnson applied only to the ACCA's residual clause, and not its elements clause, and this Court has no reason to find otherwise as to § 924(c). See 136 S. Ct. at 1261 ("Subsection (I) of [18 U.S.C. § 924(e)(2)(B)] is known as the elements clause. The end of subsection (ii) ... is known as the residual clause. It is the residual clause that Johnson held to be vague and invalid.") (internal citation omitted). *United States v. Washington,* No. 14CR3341SRNTNL, 2016 WL 7045708, at *2 (D. Minn. Dec. 2, 2016).

**E. Kidnaping as a Crime of Violence**

The Petitioner argues that "Because kidnapping is not a "crime of violence" under the "force clause" of § 924(c)(3)(A), and can only have qualified as a "crime of violence" under § 924(c)(3)(B)-- which is now unconstitutional in light of Johnson -- Mr. Noble's conviction for violation of §924(c) cannot stand. (Doc. 37, p. 8). However, as noted above, the Johnson case does not apply to 18 U.S.C. §924(c).

Kidnapping occurs when one "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the

case of a minor by the parent thereof, when . . .the person is willfully transported in interstate or foreign commerce[.]" 18 U.S.C. § 1201(a)(1). The Eighth Circuit has also held that "without question, kidnapping is a crime of violence for purposes of §924(c). *See United States v. Green*, 521 F.3d 929, 933 (8th Cir. 2008) citing *United States v. Wright*, 340 F.3d 724, 731-32 (8th Cir.2003).

**F. Evidentiary Hearing**

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required here, however, because "the claim is inadequate on its face" and " the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008)

**G. Certificate of Appealability**

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997).

The Petitioner has pointed out that the Supreme Court has recently granted certiorari in a Ninth Circuit case in which that court held the residual clause of 18 U.S.C. § 16(b), which is virtually identical to § 924(c)(3)(B), to be unconstitutional. *See Lynch v. Dimaya*, 137 S. Ct. 31 (mem.), 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498). Further, the Third, Sixth, Seventh, Ninth, and Tenth Circuits have all found § 16(b)'s residual clause to be unconstitutionally vague in light of Johnson. See *Baptiste v. Attorney Gen*., 841 F.3d 601 (3d Cir. 2016); *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted, 137 S. Ct. 31 (mem.), 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498); *Golicov v. Lynch*, 837 F.3d 1065 (10th Cir. 2016).

Because the Eighth Circuit has specifically determined that the Johnson case does not apply to § 924(c)(3)(B) the court believes that a Certificate of Appealability should be granted for this issue.

## III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE** but a Certificate of Appealability be issued for the issue of whether § 924(c)(3)(B) is unconstitutionally vague.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED January 4, 2017.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGES